**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re:* <br><br> METINVEST B.V.,[1] <br><br> Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 17-_____ (___) |

**MOTION FOR ORDER (I) SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE, (II) SCHEDULING HEARINGS, (III) WAIVING THE LITIGATION PARTY DISCLOSURE REQUIREMENTS OF BANKRUPTCY RULE 1007(A)(4), AND (IV) WAIVING THE CLAIM PROCESS NOTICE REQUIREMENTS OF SECTION 1514(C)**

Svitlana Romanova is the duly appointed foreign representative (the "**Foreign Representative**") of Metinvest B.V. (the "**Debtor**"), a private limited liability company incorporated under the laws of the Netherlands, in connection with a proceeding (the "**English Proceeding**") concerning a scheme of arrangement (the "**Scheme**")[2] under part 26 of the English Companies Act 2006, as amended, currently pending before the High Court of Justice of England and Wales (the "**High Court**"). The Foreign Representative has commenced this chapter 15 case ancillary to the English Proceeding by filing a *Verified Petition for Recognition of Foreign Proceeding and Related Relief* (the "**Petition**"), with accompanying documentation, pursuant to sections 1504 and 1515 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**").

By this Motion, the Foreign Representative requests, pursuant to sections 105(a), 1514, and 1515 of the Bankruptcy Code and Rules 1007, 1011, 2002, and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the entry of an order in the form

---

[1] The last four digits of the Metinvest B.V. United States Tax Identification Number are 3839. The address of the registered office of Metinvest B.V. is Nassaulaan 2A, 2514 JS, 'S-Gravenhage, The Netherlands.

[2] Capitalized terms used but not defined herein shall have the meanings assigned to them in the Scheme.

01:21439918.1

annexed hereto as Exhibit A (the "**Proposed Order**") (i) approving the form and manner of notice of the Petition, (ii) scheduling a hearing to consider the Petition, (iii) waiving the litigation party disclosure requirement of Bankruptcy Rule 1007(A)(4), and (iv) waiving the claim process notice requirements of section 1514(c) of the Bankruptcy Code.

In support thereof, the Foreign Representative respectfully represents as follows:

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this District pursuant to 28 U.S.C. § 1410(1) and (3) because the Debtor's principal asset in the United States is the shares of capital stock it owns in Metinvest US Inc., a Delaware Corporation, which is deemed to be located in Delaware,[3] and it is otherwise consistent with the interests of justice and convenience of the parties, having regard for the relief sought by the Foreign Representative. The statutory predicates for the relief requested herein are sections 105(a), 1514, and 1515 of the Bankruptcy Code and Bankruptcy Rules 1007, 1011, 2002, and 9007.

## BACKGROUND

1.  The Court is respectfully referred to the Petition for a description of the English Proceeding, the Scheme, and the Debtor's activities, business, corporate organization, capital structure, and circumstances leading to the commencement of this chapter 15 case. As discussed in greater detail in the Petition, the principal purpose of the Scheme is to implement a restructuring proposal (the "**Restructuring Proposal**") in relation to three series of Eurobond

---

[3]  8 Del. C. Section 169.

01:21439918.1

notes with an aggregate outstanding principal amount of approximately $1.19 billion (the "**Notes**") and four pre-export finance facilities obtained in 2011, 2012, and 2013 with an aggregate principal amount outstanding of approximately $1.1 billion (the "**PXF Facilities**") which has been fully negotiated and documented.  The Foreign Representative believes that the Restructuring Proposal is the most effective means of preserving the Debtor and its operating subsidiaries as going concerns to maximize value for the benefit of all stakeholders.

2. For the avoidance of doubt, the Scheme does not purport to impact any liabilities of the Debtor other than the obligations owing under the Notes and the PXF Facilities or affect any creditors other than the holders (indirectly or directly) of the Notes and the trustees of each series of the Notes and the lenders under the PXF Facilities (together, the "**Scheme Creditors**"), nor does the Scheme or the relief requested in connection with this chapter 15 case affect the rights of Metinvest US Inc. or its direct creditors.

3. The Scheme Creditors are scheduled to vote on the Scheme on February 6, 2017, and if the requisite voting majorities are obtained, a hearing before the High Court to consider whether to sanction the Scheme and thereby make it binding in England is set for February 8, 2017 (the "**Sanction Hearing**").  The Foreign Representative is filing the Petition prior to the Sanction Hearing in an effort to align this chapter 15 case as closely as possible with the English Proceeding and ensure seamless implementation of the Scheme.  However, the Foreign Representative's request for enforcement of the Scheme in the United States pursuant to the Petition is conditioned upon the prior entry of an order sanctioning the Scheme by the High Court which is expected to be entered following the Sanction Hearing (i.e., on or about February 8, 2017).

**RELIEF REQUESTED**

4.  The Foreign Representative seeks entry of an order, substantially in the form attached hereto as the Proposed Order, (i) approving the form and manner of notice of the Petition, (ii) scheduling a hearing to consider the Petition, (iii) waiving the litigation party disclosure requirement of Bankruptcy Rule 1007(A)(4), and (iv) waiving the claim process notice requirements of section 1514(c) of the Bankruptcy Code.

**BASIS FOR RELIEF**

A.  <u>Scope, Form, and Manner of Notice and Waiver of the Disclosure Requirements of Bankruptcy Rule 1007(a)(4)</u>

5.  Bankruptcy Rule 2002(q)(1) provides that 21 days' notice of a hearing on a petition for recognition of a foreign proceeding must be given to "the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under §1519 of the [Bankruptcy] Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct." Fed. R. Bankr. P. 2002(q)(1). Bankruptcy Rules 2002(m) and 9007, in turn, provide that when notice is to be given under the Bankruptcy Rules, the court may enter orders designating the form and manner in which such notice shall be given. Fed. R. Bankr. P. 2002(m) and 9007.

6.  Though the Debtor is party to a number of litigations in the United States, the rights of the parties to such litigations will not be affected or prejudiced by the relief sought by the Petition. The Scheme only affects the Debtor's obligations under the Notes and the PXF Facilities and does not purport to affect any creditors or parties other than the Scheme Creditors. Moreover, because the Foreign Representative only seeks recognition of the English Proceeding as a "foreign nonmain proceeding" and enforcement of the Scheme, none of the automatic relief

that takes effect upon recognition as a "foreign main proceeding" pursuant to section 1520 of the Bankruptcy Code—such as the application of the automatic stay—will apply in this chapter 15 case so such litigation can continue without interruption.

7. In these circumstances, the Foreign Representative submits that serving notice of the Petition on litigation parties is unnecessary and may even create confusion among such parties as to the relief being sought, and respectfully requests that the Court waive Bankruptcy Rule 2002(q)(1)'s notice requirements as to those parties. For similar reasons, the Foreign Representative requests that the Court waive Bankruptcy Rule 1007(a)(4)'s requirement that it file "a list containing the names and addresses of . . . all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition." Fed. R. Bank. P. 1007(a)(4) (requiring such list to be filed "unless the court orders otherwise"). Compiling such a list would be an inefficient use of the Debtor's resources in light of the limited relief sought by the Petition, which does not adversely affect the rights of such parties.

8. Accordingly, the Foreign Representative respectfully requests that service of notice, in the form attached to the Proposed Order as Exhibit 1 (the "**Notice**"), be (i) limited to the Scheme Creditors and (ii) effected by Lucid Issuer Services Limited (the "**Information Agent**") in the same manner the Scheme Creditors were notified of the Scheme in the English Proceeding, namely, (a) issuing the Notice to the Notes Scheme Creditors through the Depository Trust Company, Euroclear and Clearstream Luxembourg (together, the "**Clearing Systems**"), (b) providing the Notice to the Existing PXF Facility Agent with instructions to upload the Notice to Debt Domain, a service commonly used by syndicated lenders and facility agents for distribution by facility agents to members of a syndicate of information concerning their loans, (c) making

the Notice available on the Scheme Website (www.lucid-is.com/metinvest) and (d) the Debtor posting the Notice as an announcement on the Irish Stock Exchange.

9. The Information Agent will send the Notice via electronic mail to the Clearing Systems accompanied by instructions to circulate the Notice through their internal programs directly to the account holders recorded as holding the Notes in an account with that Clearing System (the "**Account Holders**"). Account Holders that are not the beneficial holders of the Notes will further be instructed to distribute the Notice to the beneficial holders by electronic mail, internet, fax and/or post as appropriate. This is the method by which the Account Holders are customarily communicated regarding their holdings. The form and manner of notice proposed herein is also the form and method previously approved by this Court in connection with the Debtor's currently-pending chapter 15 case and is approved by the Office of the United States Trustee.

10. The Foreign Representative respectfully submits that such form and manner of notice constitutes adequate and sufficient notice of this chapter 15 case, the relief sought in the Petition, the time for filing objections or responses to the relief sought in the Petition, and the time, date, and place of the hearings on the Petition. *See In re Metinvest B.V.*, Case No. 16-11424 (LSS) (Bankr. D. Del. June 9, 2016) [D.I. 14]; *In re Metinvest B.V.*, Case No. 16-10105 (LSS) (Bankr. D. Del. January 14, 2016) [D.I. 9]; *In re Zodiac Pool Solutions, SAS, et al.*, Case No. 14-11818 (KJC) (Bankr. D. Del. August 1, 2014) [D.I. 19] (approving similar form and manner of notice in chapter 15 case regarding English scheme of arrangement that affected only certain financial creditors). Further, if any party files a notice of appearance in this chapter 15 case, the Foreign Representative shall serve the Notice and subsequent notices upon such party within five days of the filing of such notice of appearance if such documents have not

already been served on such party or its counsel. The Foreign Representative respectfully requests that this Court approve the foregoing manner of notice and service of the Notice pursuant to Bankruptcy Rules 2002(m) and (q) and 9007.

B.  Objections or Responses to the Chapter 15 Petition

11. The Foreign Representative respectfully requests that the Court also require that any objections or responses to the Petition be made pursuant to the Bankruptcy Code, the local rules of the Court, and the Bankruptcy Rules and in writing describing the basis therefor, which objection or response must be filed with the Office of the Clerk of the Court, 824 Market Street, Third Floor, Wilmington, Delaware 19801, and served upon respective counsel for the Foreign Representative so as to be received by **February 1, 2017, at 4:00 p.m. (ET)** in accordance with the requirements of Bankruptcy Rule 1011(b). Notices to counsel for the Foreign Representative should be addressed to: (i) Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York 10020, Attention: Daniel Guyder and Mark Nixdorf, and (ii) Young Conaway Stargatt & Taylor LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attention: Joseph M. Barry.

C.  Hearing on the Petition

12. In accordance with Bankruptcy Rule 2002(q), the Foreign Representative respectfully requests that a hearing to consider the Petition be scheduled in the afternoon on February 8, 2017 to align this chapter 15 case with the Sanction Hearing in the English Proceeding and avoid any gap in protection for the Debtor. However, if this date is not available or inconvenient for the Court, the Foreign Representative respectfully requests that a hearing to consider the Petition be scheduled as soon as possible thereafter.

D.  <u>Waiver of Requirements of Section 1514(c) of the Bankruptcy Code</u>

13.  The Foreign Representative respectfully requests that the Court waive the requirements of section 1514(c) of the Bankruptcy Code, which provides that when "a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim; [and] (2) indicate whether secured creditors need to file proofs of claim . . . ." 11 U.S.C. § 1514(c).  This section does not apply because the purpose of the Scheme is to amend and extend the applicable the Notes and PXF Facilities, and no claims process is contemplated in either the this chapter 15 case or the English Proceeding.

## **NOTICE**

14.  The Foreign Representative requests that the Court grant this Motion without notice to creditors.  Upon entry of the Proposed Order, the Foreign Representative will serve the Notice in the manner approved in the Proposed Order.  In light of the nature of the relief requested, the Foreign Representative submits and requests that this Court hold that no further notice is required.

[*Remainder of Page Intentionally Left Blank*]

## **CONCLUSION**

WHEREFORE, the Foreign Representative respectfully requests the entry of an order, substantially in the form of the Proposed Order, (i) approving the form and manner of notice of the Petition in the form annexed as Exhibit 1 to the Proposed Order, (ii) scheduling a hearing to consider the Petition on February 8, 2017, or as soon as reasonably practicable thereafter, (iii) waiving the litigation party disclosure requirements of Bankruptcy Rule 1007(A)(4), and (iv) waiving the claims process notice requirements of section 1514(c) of the Bankruptcy Code.

Dated: Wilmington, Delaware
       January 17, 2017

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

By: */s/ Joseph M. Barry*
Joseph M. Barry (Del. Bar No. 4221)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone (302) 571-6600
Facsimile (302) 571-1253
jbarry@ycst.com

-and-

**ALLEN & OVERY LLP**
Daniel Guyder
Mark Nixdorf
1221 Avenue of the Americas
New York, New York 10020
Telephone (212) 610-6300
Facsimile (212) 610-6399
daniel.guyder@allenovery.com
mark.nixdorf@allenovery.com

*Attorneys for the Foreign Representative of the Debtor*

01:21439918.1

## Exhibit A

*Proposed Order*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re:* | Chapter 15 |
| METINVEST B.V.,[1] | Case No. 17-\_\_\_\_\_ (\_\_\_) |
| Debtor in a Foreign Proceeding. | Re: D.I. \_\_\_\_ |

**ORDER (I) SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE, (II) SCHEDULING HEARINGS, (III) WAIVING THE LITIGATION PARTY DISCLOSURE REQUIREMENTS OF BANKRUPTCY RULE 1007(A)(4), AND (IV) WAIVING THE CLAIM PROCESS NOTICE REQUIREMENTS OF SECTION 1514(C)**

Svitlana Romanova is the duly appointed foreign representative (the "**Foreign Representative**") of Metinvest B.V. (the "**Debtor**"), a private limited liability company incorporated under the laws of the Netherlands, in connection with a proceeding (the "**English Proceeding**") concerning a scheme of arrangement (the "**Scheme**") under part 26 of the English Companies Act 2006 currently pending before the High Court of Justice of England and Wales. The Foreign Representative has commenced this chapter 15 case ancillary to the English Proceeding by the filing of a *Verified Petition for Recognition of Foreign Proceedings and Related Relief* (the "**Petition**"), with accompanying documentation, pursuant to sections 1504 and 1515 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**").

By its motion (the "**Motion**"),[2] the Foreign Representative requested entry of an order pursuant to sections 105(a), 1514, and 1515 of the Bankruptcy Code and Rules 1007, 1011, 2002, and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") (i) approving the form and manner of notice of the Petition, (ii) scheduling a hearing to consider the

---

[1] The last four digits of the Metinvest B.V. United States Tax Identification Number are 3839. The address of the registered office of Metinvest B.V. is Nassaulaan 2A, 2514 JS, 'S-Gravenhage, The Netherlands.
[2] Capitalized terms used but not defined herein shall have the meanings assigned to them in the Motion.

Petition, (iii) waiving the litigation party disclosure requirement of Bankruptcy Rule 1007(A)(4), and (iv) waiving the claim process notice requirements of section 1514(c) of the Bankruptcy Code.

The Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012*, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1410, and (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court may enter a final order consistent with Article III of the United States Constitution, and after due deliberation and good and sufficient cause appearing for approval of the Motion,

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

ORDERED, that the Motion is approved; and it is further

ORDERED, that the form of the Notice is hereby approved; and it is further

ORDERED, that the requirement that notice of the Petition be served on all parties to litigation pending in the United States in which the Debtor is a party, as set forth in Bankruptcy Rule 2002(q), is hereby waived; and it is further

ORDERED, that the requirement that the Foreign Representative file a list containing the names and addresses of all parties to litigation pending in the United States in which the Debtor is a party, as set forth in Bankruptcy Rule 1007(a)(4), is hereby waived; and it is further

ORDERED, that copies of the Notice shall be served (a) upon the Notes Scheme Creditors through the Depository Trust Company, Euroclear and Clearstream Luxembourg and via an announcement on the Irish Stock Exchange, (b) upon the PXF Scheme Creditors by

delivery to the Existing PXF Facility Agent with instructions to upload the Notice to Debt Domain, a service commonly used by syndicated lenders and facility agents for distribution by facility agents to members of a syndicate of information concerning their loans, and (c) upon all Scheme Creditors by posting to the Scheme website at www.lucid-is/com/metinvest; and it is further

ORDERED, that if any party files a notice of appearance in this case, the Foreign Representative shall serve the Notice and subsequent notices upon such party within five days of the filing of such notice of appearance if such documents have not already been served on such party (or its counsel); and it is further

ORDERED, that all notice requirements specified in section 1514(c) of the Bankruptcy Code are hereby waived; and it is further

ORDERED, that objections or responses to the Petition must be made pursuant to the Bankruptcy Code, the local rules of the Court, and the Bankruptcy Rules and in writing describing the basis therefore, which objection or response must be filed with the Office of the Clerk of the Court, 824 Market Street, Third Floor, Wilmington, Delaware 19801, and served upon respective counsel for the Foreign Representative so as to be received by **February __, 2017, at 4:00 p.m. (ET)**, in accordance with the requirements of Bankruptcy Rule 1011(b). Notices to counsel for the Foreign Representative should be addressed to: (i) Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York 10020, Attention: Daniel Guyder and Mark Nixdorf, and (ii) Young Conaway Stargatt & Taylor LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attention: Joseph M. Barry; and it is further

ORDERED, that a hearing to consider the Petition is scheduled for **February __, 2017, at _:__ _.m. (ET)**; and it is further

01:21439920.1

ORDERED, that service of the Notice in accordance with this Order is hereby approved as adequate and sufficient notice and service on all interested parties; and it is further

ORDERED, that should greater relief be sought in the English Proceeding than currently anticipated, that notice will be provided to any additional parties whose rights are impacted by the increased relief, including but not limited to, parties to litigation pending in the United States in which the Debtor is a party, and in such case the Foreign Representative will file a list of those parties; and it is further

ORDERED, in accordance with Local Rule 9013-1, parties in interest may file an objection to the entry of this Order and such objection will be treated as a motion for reconsideration to the extent applicable. Further, any such objection must be filed by the objection deadline set for the Petition, subject to extension by consent of the parties; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to any and all matters relating to the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
        January __, 2017

_____
UNITED STATES BANKRUPTCY JUDGE

01:21439920.1

# **EXHIBIT 1**

01:21439920.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re:* | Chapter 15 |
| METINVEST B.V.,[1] | Case No. 17-_____ (___) |
| Debtor in a Foreign Proceeding. | |

**NOTICE OF FILING AND OF HEARING ON VERIFIED PETITION SEEKING RECOGNITION OF FOREIGN PROCEEDING AND RELATED RELIEF PURSUANT TO CHAPTER 15 OF THE UNITED STATES BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that on January 17, 2017, Svitlana Romanova, the duly appointed foreign representative (the "**Foreign Representative**") of Metinvest B.V. (the "**Debtor**") in connection with a proceeding (the "**English Proceeding**") concerning a scheme of arrangement under part 26 of the English Companies Act 2006 (the "**Scheme**") currently pending before the High Court of Justice of England and Wales, filed a petition (the "**Petition**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") under chapter 15 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**") commencing a case ancillary to the English Proceeding and seeking (i) recognition of the English Proceeding as a "foreign nonmain proceeding" and (ii) enforcement of the Scheme in the United States.[2]

**PLEASE TAKE FURTHER NOTICE** that a hearing has been scheduled before the Honorable _____ at the Bankruptcy Court, 824 North Market Street, __th Floor, Courtroom No. __, Wilmington, Delaware 19801 for **February __, 2017, at __:__ p.m. (ET)**, to consider the Petition (the "**Recognition Hearing**"). Any objections or responses to the Petition must be made pursuant to the Bankruptcy Code and the Local and Federal Rules of Bankruptcy Procedure, including, without limitation, Rule 1011 of the Federal Rules of Bankruptcy Procedure, in writing and setting forth the basis therefor. Such objections or responses, if any, must be filed with the Office of the Clerk of the Court, 824 Market Street, Third Floor, Wilmington, Delaware 19801, and served upon counsel for the Foreign Representative so as to be received by **February __, 2017 at 4:00 p.m. (ET)**. Notices to counsel for the Foreign Representative should be addressed to: (i) Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York 10020, Attention: Daniel Guyder and Mark Nixdorf, and (ii) Young Conaway Stargatt & Taylor LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attention: Joseph M. Barry.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to participate telephonically at the Recognition Hearing must notify CourtCall by phone (866-582-6878) or by facsimile (866-533-2946) no later than 12:00 p.m. one business day prior to the hearing, provided that if a party wishes to introduce evidence or examine any witness, that party must appear in person.

**PLEASE TAKE FURTHER NOTICE** that if no objections or responses are timely filed and served as provided above, the Bankruptcy Court may grant the relief requested in the Petition without further notice or hearing.

---

[1] The last four digits of the Metinvest B.V. United States Tax Identification Number are 3839. The address of the registered office of Metinvest B.V. is Nassaulaan 2A, 2514 JS, 'S-Gravenhage, The Netherlands.

[2] On June 8, 2016, the Foreign Representative commenced a separate chapter 15 case in the Bankruptcy Court that was recognized as a foreign nonmain proceeding by the Bankruptcy Court on June 30, 2016 and is currently still pending. *See In re Metinvest B.V.*, Case No. 16-11424 (LSS) (Bankr. D. Del. June 30, 2016) [D.I. 24].

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court at such hearing of the adjourned date or dates of the hearing.

**PLEASE TAKE FURTHER NOTICE** that there will not be a claims process in connection with the Scheme.

Copies of the Petition and other filings in these cases are presently available (1) on the Bankruptcy Court's Electronic Case Filing System, which can be accessed from the Bankruptcy Court's website at https://ecf.deb.uscourts.gov (a PACER login and a password are required to retrieve a document), and/or (2) upon written request to the Foreign Representative's counsel addressed to:

> Allen & Overy LLP
> 1221 Avenue of the Americas
> New York, New York 10020
> Telephone (212) 610-6300
> Facsimile (212) 610-6399
> Attention: Mark Nixdorf
> mark.nixdorf@allenovery.com

Dated: Wilmington, Delaware
January __, 2017

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

By: */s/ Joseph M. Barry*
Joseph M. Barry (Del. Bar No. 4221)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone (302) 571-6600
Facsimile (302) 571-1253
jbarry@ycst.com

-and-

**ALLEN & OVERY LLP**
Daniel Guyder
Mark Nixdorf
1221 Avenue of the Americas
New York, New York 10020
Telephone (212) 610-6300
Facsimile (212) 610-6399
daniel.guyder@allenovery.com
mark.nixdorf@allenovery.com

*Attorneys for the Foreign Representative of the Debtor*